WILLIAM FISCHER, Appellant, *v.* HOBBS WALL PAPER COMPANY, Respondent.

First Department, April 20, 1917.

Pleading — sale — action for goods sold and delivered — denials — motion to have answer made more definite and certain — bill of particulars — when defendant not required to elect between inconsistent defenses.

Where, in an action for goods sold and delivered to the defendant by plaintiff's assignor, the answer denies each and every allegation of certain paragraphs of the complaint, except as hereinafter expressly admitted or alleged, and the only admissions or allegations apparently referred to are contained in two separate defenses and counterclaims covering twenty printed pages, plaintiff's motion to have the answer made more definite and certain by specifying expressly what is intended to be admitted and denied, should be granted.

This form of denial is only tolerated where, in immediate connection with the denials, there are set forth clear and explicit admissions.

Information as to innumerable details of dates, places, etc., should be obtained by a bill of particulars and not by a motion to require the answer to be made more definite and certain.

The fact that it was mutually agreed between plaintiff's assignor and the defendant that the settlement of disputes between them be deferred to await the arrival of a member of the firm of the assignor, is not a defense, and an allegation of such fact is superfluous and may be stricken out as irrelevant.

A motion to have such an allegation separated from a defense and counterclaim and separately numbered and stated as a defense should be denied.

Alleged defenses that by a mutual mistake a provision was omitted from the agreement of sale fixing the price and binding the defendant to purchase exclusively from the plaintiff's assignor, and that the same agreement when fairly interpreted bound the assignor to sell at the prices stated therein, are not necessarily inconsistent, and the defendant should not be required to elect between them.

Even if the two defenses were wholly inconsistent the Code of Civil Procedure permits them to be separately pleaded, and the defendant cannot be compelled to elect between them, at least in advance of the trial.

APPEAL by the plaintiff, William Fischer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of February, 1917, denying his motion to require defendant to make its answer more definite and certain, and to elect whether it will rely upon its counterclaim for reformation of the contract it relies upon, and also to separately state and number its defenses and counterclaims.

*Max J. Kohler*, for the appellant.

*Edward A. Alexander*, for the respondent.

SHEARN, J.:

This is an action for goods sold and delivered to the defendant by plaintiff's assignor. The allegations of the sale and deliveries are set forth in paragraphs 4, 5 and 6 of the complaint. Paragraph 3 of the answer alleges " that it denies each and every allegation of paragraphs Fourth, Fifth and Sixth of the said complaint, except as hereinafter expressly admitted or alleged." The only admissions or allegations that can by any possibility be referred to in this form of denial are such as may be gleaned from an analysis of two separate defenses and two counterclaims covering twenty printed pages. Plaintiff moves in one branch of its motion to have the answer made more definite and certain by specifying expressly what is intended to be admitted and denied. This form of denial cannot be sanctioned where it imposes upon the opposing attorney and upon the court the necessity of analyzing a number of

other defenses to winnow out the intended admissions or denials. This form of denial is only tolerated where in immediate connection with the denials there are set forth clear and explicit admissions. The motion with respect to these denials should be granted.

A second branch of the motion is to require the answer to be made more definite and certain by specifying innumerable details of dates, places and other particulars, all of which, as was correctly held by the Special Term, should be obtained by a bill of particulars. They are largely evidentiary and have no necessary place in the pleading and are not at all essential in order to make the complaint definite and certain, within the meaning of that expression.

A third branch of the motion is to have separated from the third defense and counterclaim and separately numbered and stated as a defense a certain allegation contained in paragraph 16 to the effect that it was mutually agreed between plaintiff's assignor and defendant that the settlement of the disputes between them be deferred to await the arrival in this country of one of the partners in the firm of plaintiff's assignor. This is not a defense and is not intended to be pleaded as a defense. It is merely a superfluous allegation that might be stricken out as irrelevant, but that is not the motion.

The fourth branch of the motion is to require the defendant to elect between its third and fourth separate defenses and counterclaims. The third defense and counterclaim sets up that the sales were made pursuant to a written contract drawn by the attorney for the plaintiff's assignor; and that by a mutual mistake a provision was omitted therefrom which bound the plaintiff's assignor to sell to the defendant at the prices stated in the agreement, and which also bound the defendant to purchase exclusively from the plaintiff's assignor at the prices fixed in the agreement. Defendant then seeks to have the contract reformed and asks damages for the breach of the contract as reformed. The fourth defense and counterclaim sets up the same written agreement and alleges that whether reformed or not, when fairly interpreted, it bound plaintiff's assignor to sell to the defendant at the prices stated

in the agreement. Accordingly defendant sets up the breach and asks for damages. Plaintiff claims that he is entitled to have an election between what he characterizes as these inconsistent defenses. In the first place, they are not necessarily inconsistent, for it is defendant's claim that a fair interpretation of the contract reads into it the very clause that it seeks to have written into it on the ground of omission by mutual mistake. In other words, it claims that the contract, whether reformed or unreformed, required plaintiff's assignor to sell to it at the prices stated in the agreement. In the next place, even if the two defenses were wholly inconsistent, the Code permits them to be separately pleaded, and the defendant cannot be compelled to elect between them, at least in advance of the trial.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion granted to the extent indicated.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted to the extent indicated in opinion. Order to be settled on notice.